O
JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABY TREND, INC., | Case No. 5:13-cv-647-ODW(RZx) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS [27]** |
| v. | |
| PLAYTEX PRODUCTS, LLC, | |
| Defendant. | |

## I.    INTRODUCTION

Baby Trend, Inc. and Playtex Products, LLC each compete in the diaper-pail market.  After Playtex began a national advertising campaign to market its pails as number one in controlling diaper odor, Baby Trend's sales plummeted.  On April 9, 2013—five years after Baby Trend allegedly began suffering revenue losses as a result of that advertising claim—Baby Trend brought this action against Playtex for false advertising under § 43(a)(1)(B) of the Lanham Act.  For the following reasons, California's three-year statute of limitations for fraud applies to bar Baby Trend's Lanham Act claim, and thus the court **GRANTS** Playtex' Motion to Dismiss.[1]  (ECF No. 27.)

/ / /

---

[1] Having considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   BACKGROUND

Baby Trend manufactures two diaper-pail systems—Diaper Champ and Diaper Champ Deluxe—which can be found at major national retail and online outlets.  (FAC ¶ 8.)  These products allegedly compete with Playtex's Diaper Genie II Elite diaper-pail system; and each of these products are sold on the same store shelves.  (*Id.* ¶ 9.) Since at least as early as September 2008, Playtex nationally advertised that its Diaper Genie II Elite diaper-pail system is "Proven #1 in Odor Control" using various mediums.  (*Id.* ¶ 10.)  Playtex qualified its claim by adding, "when tested against other major competitors that use ordinary garbage bags and/or carbon refills under the most rigorous conditions of emptying the pail."  (*Id.* ¶¶ 10–11.)

Following Baby Trend's steady sales growth through 2007, its products experienced "steady and substantial sales declines" since 2008 when Playtex launched its Proven #1 campaign.  (*Id.* ¶ 15.)  Baby Trend asserts that the Proven #1 claim is literally false and also contends that if Playtex performed such a test, it was not performed "under the most rigorous conditions of emptying the pail."  (*Id.* ¶ 13.)

Playtex now moves to dismiss the case and argues that the entire lawsuit is untimely because Baby Trend sat silent during the entire five-year period Playtex used the Proven #1 claim to advertise its products.  (Mot. 1.)  Baby Trend opposes the Motion and insists it had no reason to question the veracity of Playtex's Proven #1 claim until it learned of a verdict in an unrelated case against Playtex in July 2012. (FAC ¶ 14.)

## III.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ.

P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement."  *Id.*  Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice.  *Id.*  Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]."  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief.  *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when

"the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

Plaxtex advances three arguments in its Motion to Dismiss.  First, Plaxtex argues that Baby Trend's Lanham Act claim is time-barred and urges the Court to borrow the limitations period from the most closely analogous action under California law.  Second, Plaxtex argues the doctrine of laches should preclude Baby Trend's claim.  Third, Plaxtex moves to dismiss on the basis that Baby Trend fails to plead its Lanham Act claim under the heighten Rule 9(b) pleading standard.  Finally, Plaxtex moves to strike Baby Trend's request for injunctive relief on the theory that Plaxtex removed the advertising claim at issue from its product packaging in February 2011.  As set forth in detail below, Baby Trend's claim is time-barred because California's three-year statute of limitations for fraud applies to Baby Trend's Lanham Act claim.  Therefore, the Court need not reach Plaxtex's other grounds for dismissal.

Baby Trend contends that Plaxtex's claims constitute false and deceptive advertising in violation of § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).  Section 43(a)(1)(B) authorizes suit against persons who make false and deceptive statements in a commercial advertisement about their own or another's product.  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).  Baby Trend asserts that Plaxtex made the challenged claims about its Diaper Genie II Elite product in September 2008, and that it began suffering substantial and steady revenue losses that year.

**A.   California's statute of limitations for fraud applies to Lanham Act claims**

The Lanham Act "contains no explicit statute of limitations," so federal courts "presume that Congress intended to 'borrow' the limitations period from the closely analogous action under state law."  *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304

F.3d 829, 836 (9th Cir. 2002) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 323–24 (1989)).  Federal courts consult the relevant state statute-of-limitations period for fraud claims, which are closely analogous to false-advertising claims arising under Section 43(a)(1)(B).  *See, e.g.*, *Karl Storz Endoscopy-Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 857 (9th Cir. 1992) (applying California's three-year fraud statute of limitations to Lanham Act claims); *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996) (applying New York's six-year fraud statute of limitations to a Lanham Act false-advertising claim because "it is clear that both intent and fraud play an important role in all Lanham Act claims").

The Ninth Circuit in *Jarrow* noted that "[t]he proper interplay between laches and the statute of limitations is somewhat elusive," but did not resolve whether a statute of limitations defense may be applied to a claim under the Lanham Act. *Jarrow*, 304 F.3d at 836–37.  Nevertheless, in applying the equitable doctrine of laches to a Lanham Act claim, the court held that "consistent with the views of our sister circuits . . . if a § 43(a) claim is filed within the analogous state limitations period, the strong presumption is that laches is inapplicable; if the claim is filed after the analogous limitations period has expired, the presumption is that laches is a bar to the suit." *Id.* at 837.

Since the *Jarrow* decision, courts in the Ninth Circuit have recognized that the closely analogous statute of limitations may be a distinct defense to Lanham Act claims.  *See ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, 871 F. Supp. 2d 905, 909–11 (D. Ariz. 2012); *Levi Strauss & Co. v. Papikian Enters., Inc.*, No. C 10-05051 JSW, 2011 WL 3739550, at *4 (N.D. Cal. Aug. 24, 2011).  Although both courts in *ThermoLife* and *Levi Strauss* declined to dismiss the underlying actions as time-barred under the applicable statute of limitations because the defendants' activities continued through the statutory period, these cases suggest that a statute-of-limitations defense to Lanham Act claims exists separate and apart from a laches defense.  Moreover, the Ninth Circuit has held—without further explanation—that Arizona's three-year statute

of limitations for fraud should apply to Lanham Act claims.  *Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc.*, 603 F.3d 1133, 1140 (9th Cir. 2010).  The Court sees no need to depart from this line of reasoning and holds that California's statute of limitations for fraud should apply to Lanham Act claims.

**B.    Baby Trend's Lanham Act claim is time-barred**

California law provides a three-year statute of limitations for fraud.  Cal. Civ. Proc. Code §338(d).  For Lanham Act false-advertising claims, this three-year period "runs from the time the plaintiff knew or should have known about his § 43(a) cause of action."  *Jarrow*, 304 F.3d at 838 (citing *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 n.2 (9th Cir. 1991)).

In the absence of fraudulent concealment, the plaintiff bears the burden of determining—within the statutory period—whether and whom to sue.  *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981).  To successfully establish fraudulent concealment, a plaintiff must allege facts establishing that a defendant affirmatively engaged in conduct that would lead a prospective plaintiff to reasonably believe that he had no claim, although a defendant's silence or passive conduct is not fraudulent. *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978).

Baby Trend's claim is barred if it knew or should have known about its § 43(a) cause of action before April 9, 2010—three years before it filed this action.  Baby Trend claims Playtex began using the Proven #1 claim on its product packaging in September 2008.  (FAC ¶ 10.)  Baby Trend also alleges that its Diaper Champ products "have experienced steady and substantial sales declines since 2008 when Playtex launched its Proven #1 Claim."  (*Id.* ¶ 15.)  Thus, on the face of the First Amended Complaint, Baby Trend's claim must have accrued sometime prior to the April 9, 2010 bar date: this date is more than a year and a half after Playtex allegedly began using the Proven #1 claim, and more than one year after Baby Trend first began realizing "steady and substantial sales declines."

/ / /

Baby Trend also alleges that its Diaper Champ product "compete[s] directly" with Playtex's Diaper Genie II diaper pails, and that the products are "commonly sold on the same store shelves."  (*Id.* ¶ 9.)  If Baby Trend knew Playtex was its direct competitor, then Baby Trend, in the exercise of reasonable diligence, should have discovered the falsity of Playtex's statements shortly after Playtex began using the Proven #1 claim or after Baby Trend began experiencing "substantial sales declines." (*Id.* ¶¶ 10, 15.)  It is reasonable to expect that a company in a competitive market would, at a minimum, exercise reasonable diligence in determining why it was experiencing a decline in sales, including investigating a direct competitor's advertising claim.  Baby Trend's argument that it did not "question the veracity of [Playtex's] Proven #1 Claim until after it became aware of the verdict" in a related case "flies in the face of the purpose of having statutes of limitations." *Glassman v. S.F. City & Cnty.*, No. C 06-02304 WHA, 2006 WL 2644890, at *4 (N.D. Cal. Sept. 15, 2006).

Finally, an important exception to the general rule of determining when a cause of action accrues is the "discovery rule," which tolls accrual "until the plaintiff discovers, or has reason to discover, the cause of action." *Grisham v. Phillip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 634 (2007).  To invoke the discovery rule, plaintiffs are required to plead and prove facts showing: (a) lack of knowledge; (b) lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); and (c) how and when the plaintiff actually discovered the fraud. *Gen. Bedding*, 947 F.2d at 1397.  Constructive notice equates to knowledge under this rule.  *Id.*  Baby Trend fails to show that it took steps to investigate the validity of Playtex's advertising claim.  Nor does Baby Trend allege any explanation for how they lacked means of obtaining that knowledge or how the facts could not have been discovered at an earlier date.  *See*, *e.g.*, *McCready v. Am. Honda Motor Co.*, No. C 05-5247 SBA, 2006 WL 1708303, at *4–5 (N.D. Cal. June 19, 2006) (refusing to invoke the discovery rule and dismissing claim where plaintiffs

failed to plead facts regarding their lack of knowledge and why they lacked the means to discover their cause of action).  Thus, the discovery rule is not appropriately applied here.

## V.   CONCLUSION

Because Baby Trend fails to show fraudulent concealment or properly invoke the discovery rule, its Lanham act claim is time-barred under the three-year statute of limitations.   Therefore, Playtex's Motion to Dismiss is **GRANTED**.   Given Baby Trend's allegations in its First Amended Complaint, the Court sees no set of additional facts that could possibly cure the statute-of-limitations bar.  Thus, this case is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 7, 2013

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**